IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES E. COOKE, JR., | : | |
| Plaintiff, | : | |
| v. | : | Civ. No. 11-038-LPS |
| STEPHEN MECHANICK, et al., | : | |
| Defendants. | : | |

James E. Cooke, Jr., Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

Ryan Patrick Connell, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for State Defendants.

**MEMORANDUM OPINION**

November 14, 2011
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff James E. Cooke, Jr. ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.[1] Plaintiff, a pretrial detainee, is currently housed at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware. Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A.[2]

## II. BACKGROUND

Plaintiff is housed at the HRYCI, awaiting retrial of criminal charges, following the reversal of his conviction of rape in the first degree, burglary in the first degree, arson in the first degree, two counts of murder in the first degree, and resultant death sentence. *Cooke v. State*, 977 A.2d 803 (Del. 2009).

Plaintiff alleges that the State has used biased expert witnesses, Defendants Dr. Stephen Mechanick ("Mechanick") and Dr. Alvin Turner ("Turner"), and that Drs. Mechanick and Turner lied on the witness stand. Plaintiff also makes reference to Defendants Delaware Public Defender J. Brendan O'Neill ("O'Neill") and Deputy Public Defender Kevin O'Connell ("O'Connell"). Plaintiff alleges that Defendants psychologists Howard Stevenson ("Stevenson")

---

[1]Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2]The Complaint named an additional plaintiff, Joe F. Cooper ("Cooper"). Because Plaintiff's and Cooper's claims were unrelated, a new case was opened for Cooper. The Court does not consider, and strikes, Cooper's allegations found at paragraph IV.1. of the Complaint. (D.I. 2)

1

and Abraham Mensch ("Mensch") knew that Plaintiff did not get along with his public defenders and Dr. Turner.

In his prayer for relief, Plaintiff states that he sues the Delaware Department of Justice ("DOJ") for race discrimination.[3] He sues named Defendants under theories of conspiracy and malpractice, as well as other numerous theories. Plaintiff seeks compensatory damages.

## III. LEGAL STANDARDS

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal quotation marks omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v.*

---

[3]The DOC is not a named defendant. The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974). Plaintiff's claim against the DOC (to the extent he attempts to state one) is barred by the State's Eleventh Amendment immunity. *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001).

2

*Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(l), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(l) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 129 S.Ct. at 1949. When determining whether dismissal is appropriate, the Court conducts a two-part analysis. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 129 S.Ct. at 1949. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

## IV. DISCUSSION

### A. State Actor

Plaintiff raises claims against Delaware Public Defender O'Neill and Deputy Public Defender O'Connell as well as State witnesses and private psychiatrists Dr. Mechanick and Dr. Turner[4] and psychologists Stevenson and Mensch.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48. To act under "color of state law" a defendant must be "clothed with the authority of state law."

---

[4]Drs. Mechanick and Turner are immune from civil liability since, as witnesses who provided testimony, they are cloaked with absolute immunity from liability. *See Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001) ("Witnesses, including public officials and private citizens, are immune from civil damages based upon their testimony."). To the extent Plaintiff claims malpractice by medical personnel, the Court finds the claims frivolous and they will be dismissed.

4

*Id.* at 49. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312 (1981). The other defendants are private individuals who, in some fashion, have been involved in Plaintiff's criminal case. These private individuals are not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.*, 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004).

Accordingly, Plaintiff's § 1983 claims against the non-State actors have no arguable basis in law or in fact and, therefore, will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

**B.    Conspiracy**

Plaintiff alleges conspiracy. For a conspiracy claim, there must be evidence of (1) an actual violation of a right protected under § 1983 and (2) actions taken in concert by defendants with the specific intent to violate that right. *See Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000); *see also Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (stating plaintiff must show that two or more conspirators reached agreement to deprive him or her of constitutional right under color of law); *Kelley v. Myler*, 149 F.3d 641, 648-49 (7th Cir. 1998) (stating agreement or understanding to deprive plaintiff of constitutional rights must exist).

The allegations are conclusory. In addition, the Complaint does not contain sufficient allegations that indicate a deprivation of Plaintiff's constitutional rights or that Defendants reached an agreement to deprive Plaintiff of his constitutional rights. Therefore, the conspiracy claims will be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and

1915A(b)(1).

C. **Deficient Pleading**

The prayer for relief contains a litany of claims that are conclusory. Indeed, Plaintiff provides no detail to support an entitlement to a claim for relief. Finally, Plaintiff has raised virtually all of his claims in other lawsuits filed with this Court. Because the claims contained in the prayer for relief do not meet the pleading requirements of *Iqbal* and *Twombly*, the Court will dismiss them as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

V. **CONCLUSION**

For the reasons discussed, the Court will dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).[5] Amendment of the Complaint is futile.

An appropriate Order follows.

---

[5]There are other Defendants in the caption of the Complaint in addition to those discussed in this Memorandum Opinion, but Plaintiff makes no claims against them and, therefore, they will be dismissed as well.